IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COBIE JONES, )<br>)<br>*Plaintiff,* )<br>)<br>-vs- )<br>)<br>CITY OF CHICAGO, CHICAGO )<br>POLICE OFFICERS Y. TALLEY #4156 )<br>and D. DEL PILAR #14995, )<br>)<br>*Defendants.* ) | No. 09 CV 1059<br><br>*(Judge Dow)* |

# AMENDED COMPLAINT

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff files this amended complaint and, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2. Plaintiff Cobie Jones is a resident of the Northern District of Illinois.

3. Defendants Y. TALLEY #4156, and D. DEL PILAR #14995 were at all times relevant acting under color of their authority as police officers of the City of Chicago; each is sued in his (or her) individual capacity.

4. Defendant City of Chicago is an Illinois municipal corporation.

5. On or about November 27, 2006, defendant Talley secured a warrant for the arrest of plaintiff.

6. Plaintiff was arrested on May 17, 2007 and held on the warrant referred to in the preceding paragraph.

7. At the time defendant Talley secured the above referred warrant, the facts known to Talley did not warrant a reasonable belief that plaintiff had committed an offense.

8. Following plaintiff's arrest, defendant Del Pilar acted as the "complaining witness" before the grand jury that returned an indictment formally charging plaintiff was an offense.

9. Plaintiff remained in custody from May 17, 2007 until on or about September 29, 2008 when all charges against him were dismissed in a manner consistent with his innocence.

10. On November 9, 2008, defendant was arrested at his home by several Chicago police officers. These officers arrested plaintiff because information they had obtained from the Chicago police department computer system indicated that plaintiff was subject to arrest on the warrant referred to in paragraph 5 above.

11. After transporting plaintiff to a police station, the police officers referred to in the preceding paragraph determined that the information they had obtained from the Chicago police department computer system was stale and that plaintiff was not subject to arrest.

12. Plaintiff was held in custody at the police station for several hours before he was allowed to leave. Plaintiff was not returned to the scene of the arrest, but was left to his own devices to find his way home.

13. On June 14, 2009, defendant was again arrested by several Chicago police officers. These officers arrested plaintiff because information they had obtained from the Chicago police department computer system indicated that plaintiff was subject to arrest on the warrant

    referred to in paragraph 5 above. This was the same information used by the officers who made the November 9, 2008 arrest referred to above.

14. After transporting plaintiff to a police station, the police officers referred to in the preceding paragraph determined that the information they had obtained from the Chicago police department computer system was stale and that plaintiff was not subject to arrest.

15. Plaintiff was held in custody at the police station for several hours before he was allowed to leave. Plaintiff was not returned to the scene of the arrest, but was left to his own devices to find his way home.

16. *Claim I:* The above described actions of defendant Talley caused plaintiff to be deprived of rights secured by the Fourth Amendment to the Constitution of the United States.

17. *Claim II:* The above described actions of defendant Del Valle caused plaintiff to be deprived of rights secured by the Fourth Amendment to the Constitution of the United States.

18. *Claim III:* The events described in paragraphs 10-15 above resulted from systemic flaws in the computer system used by the police department of the City of Chicago amounting to a municipal policy. This police caused plaintiff to be deprived of rights secured by the Fourth Amendment to the Constitution of the United States.

19. *Claim IV:* The above described actions of defendants Talley and Del Valle caused plaintiff to have been subjected to the Illinois tort of malicious prosecution.

20. As a result of defendants' wrongful acts, plaintiff lost his job, suffered irreparable injury to close personal relationships, and was deprived of his liberty for about seventeen months.

21. Plaintiff demands trial by jury.

WHEREFORE plaintiff prays that judgment be entered against defendants jointly and severally in an amount in excess of five hundred thousand dollars as compensatory damages.

*/s/ Kenneth N. Flaxman*

KENNETH N. FLAXMAN
ARDC No. 830399
200 S Michigan Ave Ste 1240
Chicago, IL 60604-2430

(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)

*attorney for plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of July, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: thleen Manion, ACC, 30 N LaSalle St., Ste 1400, Chicago, IL 60602, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Kenneth N. Flaxman

_____
Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)
*attorney for plaintiff*